# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AKAN CRAPPS,**

        **Plaintiff,**

**v.**                                                        **Case No: 6:14-cv-438-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

Akan Crapps (the "Claimant") brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his applications for disability insurance benefits and Supplemental Security Income. Doc. No. 1. On June 8, 2012, Claimant filed applications for benefits, alleging an onset of disability date of April 17, 2012. R. 270-277. Claimant alleges disability due to symptoms and limitations from the following impairments: neck and back pain, muscle deterioration in the lower back, arthritis, pulmonary fibrosis, and substance abuse issues. R. 186.[1] Claimant is insured for disability insurance benefits through December 31, 2015. R. 22.

Claimant argues that the Administrative Law Judge (the "ALJ") erred by giving significant weight to, and relying solely upon the opinion of a non-examining state agency physician, who authored an opinion without the benefit of significant objective medical evidence. Doc. No. 23 at

---

[1] At the hearing before the Administrative Law Judge, Claimant testified that the Claimant cannot work because of his "upper neck, [Claimant's] lower back, and also [Claimant's] breathing [issues]." R. 50.

12-20. Thus, the Claimant argues that the Commissioner's final decision is not supported by substantial evidence. *Id.*[2] For the reasons set forth below, the final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings.

## I. THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id.* at 1278 (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

## II. STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — *i.e.*, the evidence must do

---

[2] Claimant also argues that the ALJ erred by: failing to perform a function-by-function analysis of Claimant's ability to sit, stand, and walk before finding that Claimant can perform light work (Doc. No. 23 at 11-12); failing to pose a hypothetical question to the vocational expert (the "VE"), which contains all of Claimant's limitations (Doc. No. 23 at 20-22); and making a credibility determination that is not supported by substantial evidence (Doc. No. 22-25).

more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

**III. ANALYSIS.**

In the decision, at step-two of the sequential evaluation process, the ALJ determines that Claimant has the following severe impairments: "disorders of the respiratory impairment system and disorders of the spine." R. 22. Ultimately, the ALJ determines that Claimant has the following residual functional capacity assessment (the "RFC"):

> [The ALJ] find[s] that the claimant has the [RFC] to perform less than a full range of light exertional work. . . . The claimant can no

> more than occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl. He can occasionally climb ladders, ropes, and scaffolding. The claimant must avoid even moderate exposure to hazards such as machinery and heights and to pulmonary irritants including dusts, fumes, odor, gases, and poor ventilation. The claimant needs an indoor work environment.

R. 24. Thus, the ALJ found that Claimant has the RFC to perform a reduced range of light work. R. 24.

This case presents the unusual situation where the ALJ's decision, with respect to Claimant's neck and back impairments, is not supported by substantial evidence and that error is largely apparent on the face of the decision. R. 24-27. The ALJ's error is illustrated through the ALJ's chronological review of the medical and opinion evidence, which comes directly after the ALJ's above-stated RFC. R. 24-27. As the ALJ notes in the decision, Claimant's alleged onset of disability date is April 17, 2012, the date Claimant was involved in a motor vehicle accident. R. 20, 27 (noting the alleged onset date is based on the date of the accident). *See also* R. 506 (April 20, 2012 treatment records after motor vehicle accident where Claimant complains of radiating neck pain).

In the decision, the ALJ reviews a November 2, 2011 computerized axial tomography scan ("CT Scan") of the lumbar spine, which "revealed bilateral pars defects with grade 1 anterolisthesis at L5-S1 with moderate bilateral foraminal narrowing [and] [m]oderate right foraminal narrowing at the L4-L5." R. 25 (citing R. 1784-85). The ALJ also reviews a February 26, 2012 magnetic resonance imaging ("MRI") of the lumbar spine, which revealed:

> moderately advanced degenerative disk changes in the lower lumbar spine, L5 spondylolysis with grade 1 spondylolisthesis with no significant disk herniation or nerve root impingement at any level, and severe atrophy of the medial paraspinous muscle from L3 through S1. No surgery was recommended.

R. 25 (citing R. 550, 1783-84).   Thus, prior to Claimant's April 17, 2012, objective medical evidence shows no significant disk herniation or nerve root impingement at any level of Claimant's lumbar spine.

The ALJ also discusses the objective medical evidence post-April 17, 2012.  R. 26.  The ALJ states:

> Results of the September 27, 2012 MRI of the cervical spine showed disk bulge at C3-C4 with central canal narrowing and left greater than right neuroforaminal narrowing, C4-C5 disk bulge with central canal narrowing, C5-C6 disk herniation and tear with central canal narrowing and right greater than left neuroforaminal narrowing, and C6-C7 disk herniation with central canal narrowing and left greater than right neuroforaminal narrowing.

R. 26 (citing R. 1994-95).  Thus, as of September 27, 2012, MRI of the cervical spine revealed disk bulging and herniation at multiple levels.  R. 26, 1994-95.

The ALJ reviews a December 26, 2012 MRI of the lumbar spine, showing:

> disk bulging at L3-L4 with loss of normal reniform shape resulting in anterior impression on the thecal sac, posterior herniation at L4-L5 causing anterior impression on the thecal sac and mild stenosis on the right.  There is moderate stenosis of the right neural foramen and mild stenosis of the left neural foramen.  The herniated disks abuts the L5 nerve roots and displaces the S1 nerve root.  At L5-S1 there is grade 1 spondylolisthesis of L5 on S1 and bilateral spondylolysis of L5 and posterior herniation with disk bulging and an anterior impression on the thecal sac abutting the left S1 nerve roots.  There is marked stenosis of neural foramina that may impinge the L5 nerve roots.

R. 26 (citing R. 1992-93).   Thus, as of December 26, 2012, MRI of the lumber spine revealed herniation at multiple levels with mild to marked stenosis; displacement of the S1 nerve roots; and possible impingement of the L5 nerve roots.  R. 26, 1992-93.[3]

---

[3] The ALJ did not discuss July 27, 2012 x-rays of the lumbar spine, which revealed chondrolysis with spondylolisthesis at L5-S1, grade 1, and severe disk disease of the L4-L5 and L5-S1.  R. 906.  At that appointment, Claimant was provided with crutches to aid with ambulation.  R. 906.

As part of the ALJ's review of the medical record, the ALJ discusses an October 3, 2012 opinion of a non-examining, state agency physician:

> The State agency physician reviewed records and on October 3, 2012 determined that the claimant can perform a range of light exertional work. The claimant can lift and carry and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for six hours in an eight-hour workday, and sit for six hours in an eight-hour workday. The claimant can occasionally climb, stoop, kneel, crouch, and crawl. He can balance unlimitedly. The claimant must avoid all exposure to fumes, odors, dusts, gases, and poor ventilation and avoid even moderate exposure to hazards including machinery and heights.

R. 26 (citing R. 177-181). Ultimately, the ALJ gives that opinion "significant weight" because the non-examining physician is a "specially trained source[ ]," who "reviewed records and issued [an] unbiased opinion[ ] that [is] supported by the medical evidence of record." R. 27.[4] The ALJ adopted the limitations contained in the October 3, 2012 opinion into her RFC finding and added the following limitations – indoor work and occasional balancing. *Compare* R. 24 *with* R. 26, 177-181.

The ALJ's decision is not supported by substantial evidence for two (2) related reasons. First, the non-examining physician's opinion, upon which the ALJ relies so heavily, was authored on October 3, 2012, only a few days after and several months prior to the most significant pieces of objective medical evidence in the record related to Claimant's cervical and lumbar spine impairments – the September 27, 2012 and the December 26, 2012 MRIs. *See* Doc. No. 26, R. 177-181, 1992-95. The September 27, 2012 MRI was not part of the medical records reviewed by the non-examining physician. R. 177, 179. Thus, it was not considered by the non-examining physician. *Id*. With respect to the December 26, 2012 MRI, it did not exist when the non-

---

[4] In the decision, the ALJ does not discuss any other opinion related to Claimant's physical limitations vis-à-vis Claimant's cervical and lumbar spine impairments. R. 22-27.

examining physician provided her opinion. Therefore, the ALJ's reason for giving significant weight to or relying on the October 3, 2012 non-examining opinion, *i.e.*, that the pertinent medical evidence was reviewed by the physician, is not supported by substantial evidence. Moreover, in the Eleventh Circuit, the opinion of a non-examining physician standing alone does not constitute substantial evidence upon which to base a decision. *See Shafarz v. Bowen*, F.3d 278, 279-80 (11th Cir. 1987). In this case, with respect to Claimant's cervical and lumbar spine impairments, including the symptoms and limitations stemming therefrom, the ALJ relied upon the opinion of a non-examining physician, who did not examine the two most significant MRIs in the record. R. 26.[5] Accordingly, the Court finds that the final decision is not supported by substantial evidence.[6]

Second, the non-examining opinion the ALJ relied upon was offered at the reconsideration stage in the proceedings. R. 170-181. The administrative form, of which the non-examining physical opinion is but a single part (R. 177-181), also states that a consultative examination is required because: "The evidence as a whole, both medical and non-medical, is not sufficient to support a decision on the claim," and "[a]dditional evidence is required to establish current severity of the individual(s) impairments." R. 174. It does not specify the type of consultative examination that is required before an informed decision may be made. R. 174. The record contains no consultative examination related to Claimant's cervical and lumbar spine. R. 1-2032. In addition, the administrative form provides that Claimant's medically determination impairments are disorders of the respiratory system, affective disorders, and alcohol, substance addiction disorders.

---

[5] Although the ALJ discusses the September and December 2012 MRIs, the ALJ does not articulate how the ALJ accounts for their respective findings in the ALJ's RFC or how they impact the ALJ's decision to give significant weight to the opinion of a non-examining physician, who never considered them. R. 26.

[6] The Commissioner argues, while citing to the September and December MRIs, that the ALJ did not err because "diagnostic studies did not reveal significant objective medical signs or findings," and, therefore, Claimant failed to establish that Claimant had greater limitations than those ultimately determined by the ALJ. Doc. No. 24 at 10. The Commissioner's argument is rejected.

R. 175.  Thus, the administrative form, which contains the non-examining physician's opinion does not even acknowledge that Claimant has severe impairments of the cervical and lumbar spine. R. 175.  The Court essentially agrees with what is stated on the administrative form (R. 174), and finds that without a consultative examination of Claimant's cervical and lumbar spine, accompanied by an opinion with respect to Claimant's limitations, the final decision is not supported by substantial evidence.  *See Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (reversible error for ALJ not to order consultative examination when such an evaluation is necessary to make informed decision); 20 C.F.R. § 416.917 (providing that Commissioner may order consultative examination if necessary to make a decision).

Based on the forgoing, the Court finds that the final decision is not supported by substantial evidence and a remand for further proceedings is necessary.[7]

## IV.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2. The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner; and

3. The Clerk is directed to close the case.

---

[7] While Claimant requests a reversal for an award of benefits (Doc. No. 23 at 24), such relief is only appropriate where the Commissioner has already considered all the evidence and the clear, cumulative effect of that evidence establishes disability beyond any doubt.  *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993).  In addition, the Court may reverse for an awarded of benefits where the Claimant has suffered an injustice.  *See Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982) (an award of benefits may also be appropriate if the claimant suffers an injustice).  In this case, the Commissioner has not considered all of the necessary evidence and there has been no showing that Claimant has suffered an injustice.  Accordingly, remand for further proceedings is appropriate.

**DONE AND ORDERED** in Orlando, Florida on August 18, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to: